United States District Court
for the
Southern District of Florida

| | |
|---|---|
| Celso Acosta Garcia, et al., Plaintiff, <br><br> v. <br><br> Pajeoly Corp., Paolo Maietta, <br> Jennifer Maietta, Defendants. | ) <br> ) <br> ) <br> )  Civil Action No. 18-cv-23399-Civ-Scola <br> ) <br> ) |

## Order On Default Judgment Procedure

On September 20, 2018, the Clerk of the Court entered a Default against Defendant Pajeoly Corp. In order to resolve this case justly and efficiently, the Court orders the Plaintiff to file one of the following two responses by October 8, 2018.

1. Where there are multiple Defendants, but no possibility of inconsistent liability between Defendants (which, for example, could arise from allegations of joint and several liability where fewer than all of the defendants are in default), Plaintiff shall file a *Motion for Default Judgment*, consistent with Federal Rule of Civil Procedure 55(b). The Plaintiff must state in the *Motion for Default Judgment* that there are no allegations of joint and several liability, and set forth the basis why there is no possibility of inconsistent liability.

The *Motion for Default Judgment* must include affidavits of any sum certain due from the Defendants, and any other supporting documentation necessary to determine Plaintiff's measure of damages. The *Motion* must also be accompanied by (1) the necessary affidavit under the Servicemembers Civil Relief Act, 50 U.S.C. app. § 521(b), if applicable; and (2) a proposed order granting the *Motion for Default Judgment*; and entering final judgment. Pursuant to the CM/ECF Administrative Procedures, the proposed orders shall be submitted to the Court by e-mail in Word (.doc) format at scola@flsd.uscourts.gov. Plaintiff must send a copy of the *Motion* to Defendants' counsel or to the Defendants directly if they do not have counsel. In the certificate of service, Plaintiff shall indicate that notice was sent and the addresses where the notice was sent.

If the Defendants fail to move to set aside the Clerk's Default, or fail to otherwise respond to this lawsuit, on or before **10 days from date of order**, Default Final Judgment may be entered. This means that the Plaintiff may be able to take the property or money of the Defendants, and/or obtain other relief against the Defendants.

    2. Where there are multiple Defendants and allegations of joint and several liability, and a possibility of inconsistent liability between Defendants, Plaintiff shall file a *Notice of Joint Liability*. *See Frow v. De La Vega*, 82 U.S. 552, 554 (1872); 10A Charles Alan Wright and Arthur R. Miller, Federal Practice and Procedure § 2690 (3d ed. 1998) (citing *Frow*, 82 U.S. at 554); *see also Gulf Coast Fans, Inc. v. Midwest Elecs. Imp., Inc.*, 740 F.2d 1499, 1512 (11th Cir. 1984).

    The *Notice of Joint Liability* must briefly describe the allegations and advise the Court of the status of the other Defendants' liability. Once liability is resolved as to all Defendants, Plaintiff may move for the entry of default judgment against the defaulting Defendants, as described in paragraph one, above, no later than **fourteen days** after the resolution of liability as to the non-defaulting Defendants.

    Plaintiff's failure to file for a *Motion for Default Judgment* or *Notice of Joint Liability* within the specified time will result in a **dismissal without prejudice** as to these Defendants.

    The Court directs the Clerk to **mail copies of this order** to any Defendant who has not appeared at the address(es) listed below.

    **Done and ordered** in chambers, at Miami, Florida, on September 24, 2018.

    Robert N. Scola, Jr.
United States District Judge

*Copies to:*
Pajeoly Corp.
c/o Pagio's & Associates, LLC
1040 71st Street, Ste. 103
Miami Beach, Florida 33141