UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23399-Civ-SCOLA/TORRES

CELSO ACOSTA GARCIA, and all others,
similarly situated under 29 U.S.C. 216(b),

    Plaintiff,

v.

PAJEOLY CORP., PAOLO MAIETTA,
and JENNIFER BETANCUR.

    Defendants.

_____/

## **OMNIBUS ORDER ON CROSS-MOTIONS FOR SANCTIONS**

This matter is before the Court on the parties' cross motions for sanctions filed by Pajeoly Corp., Paolo Maietta, and Jennifer Betancur (collectively, "Defendants") and Celso Acosta Garcia ("Plaintiff"). [D.E. 95, 98]. Each party filed their respective response and reply. [D.E. 99, 103, 105, 107]. Therefore, the motions are now ripe for disposition. After careful consideration of the motions, responses, replies, and relevant authority, and for the reasons discussed below, the parties' cross motions are **DENIED**.[1]

---

[1] On September 16, 2019, the Honorable Robert N. Scola referred the parties' motions for sanctions to the Undersigned Magistrate Judge for disposition. [D.E. 104].

1

## I. ANALYSIS

### A. *Defendants' Motion for Rule 11 Sanctions [D.E. 95]*

Defendants request Rule 11 sanctions because Plaintiff (1) has engaged in frivolous conduct throughout this entire case, (2) lied dozens of times during his deposition[2], (3) fabricated the number of hours that he worked, and (4) admitted under oath that he falsified documents and lied in sworn interrogatory answers. Defendants also allege that Plaintiff's counsel has aided and abetted this conduct and that, as an officer of the Court, this type of behavior cannot stand. For these reasons, Defendants request that this case be dismissed, that Plaintiff be sanctioned at least $50,000 dollars, and that Plaintiff be compelled to reimburse Defendants for their attorney fees incurred in litigating this action.

"Rule 11 is intended to deter claims with *no* factual or legal basis at all; creative claims, coupled even with ambiguous or inconsequential facts, may merit dismissal, but not punishment." *Davis v. Carl*, 9106 F.2d 533, 538 (11th Cir. 1990) (emphasis in original). Rule 11 sanctions are proper "(1) when a party files a pleading that has no reasonable factual basis; (2) when the party files a pleading that is based on legal theory that has no reasonable chance of success and that cannot be advanced as a reasonable argument to change existing law; or (3) when the party files a pleading in bad faith for an improper purpose." *Worldwide Primates, Inc. v. McGreal*, 87 F.3d 1252, 1254 (11th Cir. 1996) (quoting *Jones v.*

---

[2] Plaintiff allegedly lied under oath 189 times during his deposition and conceded that he lied for nearly an hour straight to perpetuate a fraud on the Court.

*International Riding Helmets, Ltd.*, 49 F.3d 692, 694 (11th Cir. 1995)). Federal Rules of Civil Procedure 11(b)(1) and 11(b)(3) state:

> By presenting to the court a pleading, written motion, or other paper—whether by signing, filing, submitting, or later advocating it—an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances: (1) it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation . . . (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . . Fed. R. Civ. Pro. 11(b)(1), 11(b)(3).

Additionally, Federal Rule of Civil Procedure 11(c)(1) states the following:

> If, after notice and a reasonable opportunity to respond, the court determines that Rule 11(b) has been violated, the court may impose an appropriate sanction on any attorney, law firm, or party that violated the rule or is responsible for the violation. Fed. R. Civ. Pro. 11(c)(1).

"In this circuit, a court confronted with a motion for Rule 11 sanctions first determines whether the party's claims are objectively frivolous—in view of the facts or law—and then, if they are, whether the person who signed the pleadings should have been aware that they were frivolous; that is, whether he would've been aware had he made a reasonable inquiry. If the attorney failed to make a reasonable inquiry, then the court must impose sanctions despite the attorney's good faith belief that the claims were sound. The reasonableness of the inquiry 'may depend on such factors as how much time for investigation was available to the signer; whether he had to rely on a client for information as to the facts underlying the [violative document]; . . . or whether he depended on forwarding counsel or another member of the bar." *Worldwide Primates, Inc.*, 87 F.3d at 695 (quoting *Mike Ousley*

*Productions, Inc. v. WJBF-TV*, 952 F.2d 380, 382 (11th Cir. 1992)); *see also Byrne v. Nezhat*, 261 F.3d 1075, 1105 (11th Cir. 2001). "Although sanctions are warranted when the claimant exhibits a 'deliberate indifference to obvious facts,' they are not warranted when the claimant's evidence is merely weak but appears sufficient, after a reasonable inquiry, to support a claim under existing law." *Baker v. Adelman*, 158 F.3d 516, 524 (11th Cir. 1998) (citations omitted).

More importantly, the Eleventh Circuit has found that Rule 11 sanctions are ordinarily not determined until the *end* of a case:

> Although the timing of sanctions rests in the discretion of the trial judge, it is anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation, and in the case of motions at the time when the motion is decided or shortly thereafter.

*Donaldson v. Clark*, 819 F.2d 1551, 1555 (11th Cir. 1987) (quotation marks and citation omitted). The Eleventh Circuit's position is consistent with the Rules Advisory Committee which "anticipated that in the case of pleadings the sanctions issue under Rule 11 normally will be determined at the end of the litigation. . . ." Fed. R. Civ. P. 11 (Advisory Committee Notes, 1983 Amendment); *see also Lichtenstein v. Consolidated Serv. Group, Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (emphasizing that "[c]ourts should, and often do, defer consideration of certain kinds of sanctions motions until the end of [the litigation] to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where [as here] the thrust of the sanctions motion is that institution of the case itself was improper"); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 2000 WL 528633, at *1 (S.D.N.Y. May 2, 2000) (denying Rule

4

11 motion without prejudice "to renewal at conclusion of litigation"); Wright and Miller, Federal Practice and Procedure: Civil 3d § 1337.1 (2004) (stating that when "the challenged conduct is the institution of the action itself . . . the question whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case"). The reason Rule 11 sanctions are deferred until the end of a case is to allow the court "to gain a full sense of the case and to avoid unnecessary delay of disposition of the case on the merits. This is a sensible practice where the thrust of the sanctions motion is that institution of the case itself was improper." *Lichtenstein v. Consol. Servs. Grp., Inc.*, 173 F.3d 17, 23 (1st Cir. 1999) (citing 5A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure* § 1337, at 121 (2d ed. 1990)).

Here, Defendants' motion must be denied because it is premature at this stage of the case. Defendants have not presented a persuasive reason to deviate from the general rule because – while Defendants allege that Plaintiff engaged in inappropriate behavior – Defendants have failed to reference any specific instances to reach that conclusion. Defendants have instead made a plethora of unsupported allegations. Therefore, until the record conclusively supports Defendants' motion, the more prudent approach is to revisit this motion post-judgment. Accordingly, Defendants' motion for sanctions is **DENIED** without prejudice and with leave to renew, if necessary, at the end of this case. *See, e.g., Baker*, 158 F.3d at 523 ("Although the timing of sanctions rests in the district judge's discretion, Rule 11 sanctions 'normally will be determined at the end of litigation.'"); *Hallwood Realty Partners, L.P. v. Gotham Partners, L.P.*, 2000 WL 528633, at *1 (S.D.N.Y. May 2,

2000) (denying Rule 11 motion without prejudice "to renewal at conclusion of litigation"); Wright and Miller, Federal Practice and Procedure: Civil 3d § 1337.1 (2004) (stating that when "the challenged conduct is the institution of the action itself . . .the question whether there has been a Rule 11 violation generally is not decided until after the litigation is completed, in order to avoid delaying the disposition of the merits of the case").

### B. *Plaintiff's Motion for § 1927 Sanctions and Pursuant to the Court's Inherent Powers [D.E. 98]*

The next issue is whether Defendants should be sanctioned under § 1927 and pursuant to the Court's inherent powers. Plaintiff argues that sanctions are necessary because Defendants have displayed a consistent pattern of delay and obstruction. Plaintiff alleges, for example, that Defendants have filed several frivolous motions in this case, that Defendants have failed to meet their discovery obligations, and that Defendants have intentionally delayed these proceedings. As such, Plaintiff concludes that sanctions are necessary because Defendants' conduct cannot stand.

Federal courts possess "inherent powers," not conferred by rule or statute, "to manage their own affairs so as to achieve the orderly and expeditious disposition of cases." *Link v. Wabash R. Co.*, 370 U.S. 626, 630-631 (1962). That authority includes the ability to fashion an appropriate sanction for conduct that abuses the judicial process. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 44-45 (1991). One permissible sanction is an assessment of attorney's fees – an order instructing a party that has acted in bad faith to reimburse legal fees and costs incurred by the other side. *See id.*, at 45. Such a sanction, when imposed pursuant to civil

procedures, must be compensatory rather than punitive in nature. *See Mine Workers v. Bagwell*, 512 U.S. 821, 826-830 (1994) (distinguishing compensatory from punitive sanctions and specifying the procedures needed to impose each kind). In other words, the fee award may go no further than to redress the wronged party "for losses sustained"; it may not impose an additional amount as punishment for the sanctioned party's misbehavior. *See id.*, at 829, (quoting *United States v. Mine Workers*, 330 U.S. 258, 304 (1947)). The necessary causal connection is appropriately framed as a but-for test: the complaining party may therefore recover only that portion of its fees that it would have paid but for the misconduct. *See Goodyear Tire & Rubber Co. v. Haeger*, 137 S. Ct. 1178, 1187 (2017).

On the other hand, a district court's authority to issue sanctions under § 1927 is either broader than or equally as broad as a court's authority to issue sanctions under its inherent powers. *See Cordoba v. Dillard's, Inc.,* 419 F.3d 1169, 1178 n. 6 (11th Cir. 2005). Specifically, Section 1927 provides that unreasonable or vexatious conduct may be sanctionable in certain circumstances:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

28 U.S.C. § 1927. There are three essential requirements for an award of sanctions under § 1927:

> First, the attorney must engage in unreasonable and vexatious conduct. Second, that unreasonable and vexatious conduct must be conduct that multiplies the proceedings. Finally, the dollar amount of the sanction must bear a financial nexus to the excess proceedings, *i.e.,* the sanction may not exceed the costs, expenses, and attorneys' fees reasonably incurred because of such conduct.

7

*Peterson v. BMI Refractories,* 124 F.3d 1386, 1396 (11th Cir. 1997).

In light of these principles, Plaintiff's motion is denied because there is insufficient evidence that Defendants' conduct rises to the level of sanctions under § 1927 or the Court's inherent power. Plaintiff's motion, when boiled down to its core, is that Defendants have consistently failed to act in a professional manner. But, there is fault on both sides for the disputes in this case as neither has complied entirely with the Federal or Local Rules. Litigation requires parties to cooperate, find solutions, and only seek judicial relief when appropriate. Yet, both parties have demonstrated that – rather than working together – they rather file repetitive motions for sanctions. Because both parties are at fault for the disputes presented and the motion otherwise fails to present sufficient evidence of any sanctionable conduct, Plaintiff's motion for sanctions is also denied. [D.E. 98].

## II.   CONCLUSION

For the foregoing reasons, it is hereby **ORDERED AND ADJUDGED** that the cross-motions for sanctions are **DENIED**. [D.E. 95, 98].

**DONE AND ORDERED** in Chambers at Miami, Florida, this 24th day of September, 2019.

*/s/ Edwin G. Torres*
EDWIN G. TORRES
United States Magistrate Judge

8