UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No. 18-23399-Civ-SCOLA/TORRES

CELSO ACOSTA GARCIA,

       Plaintiff,

v.

PAJEOLY CORP. d/b/a LAVENTANA
PAOLO MAIETTA, JENNIFER BETANCUR,
a/k/a JENNIFER BETANCUR TAMAYO,

       Defendants.

_____/

**REPORT AND RECOMMENDATION
ON PLAINTIFF'S MOTION FOR FEES AND COSTS**

This matter is before the Court on Celso Acosta Garcia's ("Plaintiff") motion for fees and costs against Pajeoly Corp., Paolo Maietta, and Jennifer Betancur (collectively, "Defendants"). [D.E. 149-150]. Defendants responded to Plaintiff's motion on December 6, 2019 [D.E. 155] to which Plaintiff replied on December 13, 2019. [D.E. 156]. Therefore, Plaintiff's motion is now ripe for disposition. After careful review of the motion, response, reply, relevant authority, and for the reasons discussed below, Plaintiff's motion should be **GRANTED in part** and **DENIED in part**.[1]

---

[1] On November 25, 2019, the Honorable Robert N. Scola referred Plaintiff's motion for fees and costs to the Undersigned Magistrate Judge for disposition. [D.E. 151, 152].

1

## I.  BACKGROUND

Plaintiff filed this action on August 21, 2018 [D.E. 1] for Defendants' alleged violation of the Fair Labor Standards Act ("FLSA").  Plaintiff claims that he worked for Defendants as a cook, food preparer, and dishwasher from June 10, 2015 to August 8, 2018.  During this time, Plaintiff alleges that he worked an average of sixty-six hours per week and that Defendants paid him an average of $15 per hour.  Plaintiff also alleges that Defendants failed to pay him the extra half time rate for hours worked over forty hours in a week as required under the FLSA.  Plaintiff therefore requests the half-time overtime rate for each hour worked above 40 in a week.

On October 28, 2019, the parties proceeded to a two-day jury trial where the jury found that Defendants failed to pay Plaintiff his overtime wages as required under the FLSA.  More specifically, the jury determined that Defendants owed Plaintiff $3,007.53 in overtime wages in addition to $9,218.97 that the Court had already determined that Plaintiff was owed. [D.E. 141].  The Court then entered judgment in Plaintiff's favor for $24,524.52, which included $12,262.21 in liquidated damages.  [D.E. 142].  The Court also determined that Plaintiff was the prevailing party and that Plaintiff was entitled to fees and costs.

## II.  ANALYSIS

Plaintiff seeks $112,349 in fees and $8,831.20 in costs.  Plaintiff also requests that he be entitled to recover any additional fees against Defendants for any efforts that Plaintiff's attorneys may incur in the collection of the judgment.  Defendants

oppose Plaintiff's motion at every turn because Plaintiff's demand is disproportionate to the clams presented. Defendants claim that Plaintiff only recovered $24,524.42 and that Plaintiff's motion is unreasonable with respect to Plaintiff's damages. For these reasons, Defendants request that the Court award Plaintiff fees and costs commensurate with the jury's verdict.[2]

### A. *Plaintiff's Motion for Costs*

Under Fed. R. Civ. P. 54(d)(1), a prevailing party is entitled to recover costs as a matter of course unless directed otherwise by a court or statute. A strong presumption exists in favor of awarding costs. *Id.* A court may tax as costs those expenses enumerated in 28 U.S.C. § 1920.[3] *See Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 445 (1987) (absent explicit statutory or contractual authorization, federal courts are bound by the limitations set out in § 1920). "To defeat the presumption and deny full costs, a district court must have a sound basis for doing so." *Chapman v. AI Transp.*, 229 F.3d 1012, 1039 (11th Cir. 2000). The court should not take into consideration the relative wealth of the parties, as it

---

[2] Defendants estimate that Plaintiff's award should range between $12,621.21 and $24,524.42.

[3] The following costs are permitted under 28 U.S.C. § 1920:
  (1) Fees of the clerk and marshal;
  (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
  (3) Fees and disbursements for printing and witnesses;
  (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
  (5) Docket fees under section 1923 of this title;
  (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under section 1828 of this title.

3

would undermine the presumption that Rule 54(d)(1) creates in favor of the prevailing parties. *Id.*

Upon the filing of a timely motion or bill of costs, which sets forth in detail the amounts requested, the opposing party has the burden of showing that the requested costs fall outside the scope of this statute or are otherwise unreasonable. *See, e.g., Eugene v. 3Don & Partner Estate Group, LLC*, 2009 WL 996016, at *14 (S.D. Fla. Apr. 14, 2009) (finding that the burden lies with the challenging party to show that depositions were not related to an issue in the case at the time they were taken, and thereby show they were not wholly or partially "necessarily obtained for use in the case.").

Here, Plaintiff requests $8,831.20 in costs under § 1920, including $400 in service of process of costs, $1,370 in costs for service of a summons and subpoena, $2,059.20 in transcript costs, $200 in witness costs, $50 in docket costs, $2,779 in interpreter costs, and $1,973 in other costs. Defendants failed to provide any specific objections in opposition to Plaintiff's motion for costs. Instead, Defendants argue that Plaintiff's attorneys inflated their costs with aggressive litigation, but Defendants never specify how Plaintiff's costs are unreasonable or excessive. Defendants' opposition is tantamount to no response at all because there is nothing to consider as to whether the costs requested should be awarded under § 1920. And the Court is under no obligation to do the work that Defendants should have done in the first place.

With that being said, most of the costs requested obviously fall within the limits of § 1920. The only cost that remains unclear is $1,973 that Plaintiff designated as "other costs." Plaintiff should have itemized these costs or made clear how they are recoverable under § 1920. But, Plaintiff did neither and the Court has no way of determining whether theses "other costs" are allowed under the statute. Because Plaintiff failed to present any argument or evidence with respect to $1,973 in "other costs," this amount should be excluded in Plaintiff's cost award.[4] Accordingly, Plaintiff's motion for costs should be **GRANTED in part** and **DENIED in part** with a cost award of $6,858.20.

### B.    *Plaintiff's Motion for Fees*

The next issue is Plaintiff's request for $112,349 in attorneys' fees. In determining an appropriate fee award, we employ the lodestar method. *See City of Burlington v. Dague*, 505 U.S. 557, 562 (1992) ("The 'lodestar figure has, as its name suggests, become the guiding light of our fee-shifting jurisprudence. We have established a 'strong presumption' that the lodestar represents the 'reasonable' fee"). This method allows for a reasonable estimate of the value of an attorney's service because the movant submits evidence "supporting the hours worked and rates claimed." *Hensley*, 461 U.S. at 433. If the movant's documentation of hours worked is inadequate, "the district court may reduce the award accordingly." *Id*.

---

[4]     Plaintiff attached several invoices [D.E. 150-6] in support of his motion for costs, but Plaintiff failed to explain how he incurred $1,973 in "other costs." While the costs requested might be somewhere in the attached invoices, the Court will not rummage through the record to find them.

The lodestar method requires the Court to first determine an attorney's reasonable hourly rate, and to multiply that rate by the number of hours reasonably expended. *See, e.g., Loranger v. Stierheim,* 10 F.3d 776, 781 (11th Cir. 1994); *Norman v. Housing Auth. Of Montgomery,* 836 F.2d 1292, 1299 (11th Cir. 1988); *see also Harbaugh v. Greslin,* 365 F. Supp. 2d 1274, 1279 (S.D. Fla. 2005). Following the Court's calculation, "the court must next consider the necessity of an adjustment for results obtained." *Norman*, 836 F.2d at 1302. Accordingly, when awarding fees, the Court must allow meaningful review of its decision and "articulate the decisions it made, give principled reasons for those decisions, and show its calculation." *Id.* at 1304 (citation omitted).

In awarding attorneys' fees, "courts are not authorized to be generous with the money of others, and it is as much the duty of courts to see that excessive fees and expenses are not awarded as it is to see that an adequate amount is awarded." *ACLU of Georgia v. Barnes,* 168 F.3d 423, 428 (11th Cir. 1999). Courts, however, have considerable discretion when determining whether a party to a case should receive a fee award. *See Cullens v. Georgia Dept. Of Transp.,* 29 F.3d 1489, 1492-1493 (11th Cir. 1994) (emphasizing that the district court is "empowered to exercise discretion in determining whether an award is to be made and if so its reasonableness.").

An award must be reasonable and must fall within the guidelines for fee awards promulgated by the Eleventh Circuit. *See Norman*, 836 F.2d at 1299-1302. It is consequently within a court's ultimate discretion to adjust the fees to an

6

amount it deems proper according to the Eleventh Circuit's parameters. *See, e.g., Columbus Mills, Inc. v. Freeland,* 918 F.2d 1575, 1580 (11th Cir. 1990) ("[T]he *Norman* Court left to the discretion of the district court the decision of whether to prune excessive hours"); *Cullens,* 29 F.3d at 1492 ("[W]e reemphasize that the district court has discretion in determining the amount of a fee award. This is appropriate in view of the district court's superior understanding of the litigation and the desirability of avoiding frequent appellate review of what essentially are factual matters.") (quotation omitted).

### *(1) The Reasonable Hourly Rate*

The first step is to consider the reasonable hourly rate. This rate is defined as "the prevailing market rate in the relevant legal community for similar services by lawyers of reasonably comparable skills, experience and reputation." *Loranger*, 10 F.3d at 781 (quoting *Norman*, 836 F.2d at 1299). The relevant market is "the place where the case is filed." *ACLU,* 168 F.3d at 427 (internal quotation marks and citation omitted). Here, the relevant legal community is South Florida.

Several factors may be considered in arriving at that prevailing market rate, as set forth in *Johnson v. Georgia Highway Express, Inc.* 488 F.2d 714, 717-719 (5th Cir. 1974). The movant is required to submit to the Court satisfactory evidence to establish that the requested rate accurately reflects the prevailing market rate. *See Duckworth v. Whisenant,* 97 F.3d 1393, 1396 (11th Cir. 1996); *Norman,* 836 F.2d at 1299 (finding that the burden lies with fee applicant "of producing satisfactory evidence that the requested rate is in line with prevailing market rates" and

7

"satisfactory evidence necessarily must speak to rates actually billed and paid in similar lawsuits."). Ultimately, the Court remains an expert on the issue of hourly rates in its community and may properly consider "its own knowledge and experience concerning reasonable and proper fees and may form an independent judgment either with or without the aid of witnesses as to value." *Loranger,* 10 F.3d at 781 (quoting *Norman,* 836 F.2d at 1303).[5]

Here, Plaintiff requests an hourly rate of $390 for J.H. Zidell (admitted in 1994), $375 for Lisa Kuhlman (admitted in 1993), $350 for Paxton Marshall (admitted in 2006), $290 for Rivkah Jaff (admitted in 2013), $285 for Natalie Staroschak (admitted in 2015), and $100 for Lisa Novick (paralegal). Based on our review of the supporting documentation, the nature of this case, our knowledge and experience regarding rates in FLSA cases in this legal community, and the lack of any specific objections, we find that the hourly rates are reasonable, with some adjustments.

---

[5] The 12 *Johnson* factors are as follows:
(1) the time and labor required;
(2) the novelty and difficulty of the questions;
(3) the skill requisite to perform the legal service properly;
(4) the preclusion of other employment;
(5) the customary fee;
(6) whether the fee is fixed or contingent;
(7) the time limitations imposed by the client or circumstances;
(8) the amount involved and the results obtained;
(9) the experience, reputation and ability of the attorneys;
(10) the undesirability of the case;
(11) the nature and length of the professional relationship with the client; and
(12) the awards in similar cases.

*Johnson*, 488 F.2d at 717-719.

Beginning with Mr. Zidell and Ms. Kuhlman, there is no dispute that these lawyers have been longtime members of the Florida Bar and that they should be entitled to an hourly rate commensurate with their experience. There is also a plethora of cases in our District and elsewhere awarding hourly rates to Mr. Zidell in the range of $300 to $400 per hour. For example, Judge Matthewman recently awarded Mr. Zidell a rate of $350 per hour. *See Cardoza v. Mario's Cleaning Servs., Corp.*, 2018 WL 1353141, at *3 (S.D. Fla. Mar. 14, 2018). Though we agree with this conclusion, we recommend that the Court award Mr. Zidell and Lisa Kulhman a rate of $375 per hour based upon the nature of these proceedings and their successful pursuit of their client's FLSA claims at trial. Therefore, the Court should award Mr. Zidell and Ms. Kuhlman an hourly rate of $375.

Having reduced the rates for the senior partners in this case, we turn to Plaintiff's request for an hourly rate of $350 for Mr. Marshall, who, at the time, was a senior associate with twelve years of legal experience. While Mr. Marshall has a substantial amount of experience as a lawyer, his rate should be reduced to $325 per hour. This revised rate – as evidenced in other cases examining the South Florida legal market – is more appropriate for a senior associate working on an FLSA case. *See, e.g.*, *Reppert v. Mint Leaf, Inc.,* No. 11–21551–CIV, ECF No. 114 (S.D. Fla. Jan. 31, 2013) (awarding $375.00/hour to lead attorney and $325.00/hour to senior associate in FLSA case); *Bedoya v. Aventura Limousine & Transp. Serv., Inc.*, 2013 WL 539259, at *3 (S.D. Fla. Feb. 13, 2013) ("[T]he Court awarded an hourly rate of $375/hour to an attorney with twenty-seven years' experience and

awarded an hourly rate of $325 to an attorney with ten years' experience."). As such, Mr. Marshall's hourly rate should be reduced to $325.

As for Ms. Jaff and Ms. Staroschak, Plaintiff seeks an hourly rate of $290 and $285. But, these rates are excessive for lawyers with only four to six years of FLSA experience. We therefore reduce each of their rates to $250 per hour as "[t]his . . . is consistent with the associate rate for a five or six year lawyer . . . in this District." *Medrano v. Mi Colombia Bakery, Inc.*, 2013 WL 1748403, at *3 (S.D. Fla. Jan. 10, 2013) (citing *X–Ray Supplies Inc. v. Southeastern X–Ray Inc.,* 2010 WL 4960959, at *2–3 (S.D. Fla. Dec.1, 2010) (finding a fifth-year associate's rate of $260 is reasonable); *Great Lakes Transp. Holding LLC v. Yellow Cab Service Corp. of Florida Inc.,* 2011 WL 4118234, at *2–3 (S.D. Fla. Sept.15, 2011) (finding a fifth-year associate's rate of $255 is reasonable)).

The final rate to consider is Ms. Novick's hourly rate of $100. Ms. Novick has worked as a paralegal for more than eleven years and Plaintiff suggests that she has substantial experience in assisting with FLSA cases. Plaintiff's argument is well taken because given Ms. Novick's experience and the rate requested for an FLSA case, we cannot conclude that a $100 hourly rate is excessive for the work performed. *See Estrada v. Alexim Trading Corp.*, 2012 WL 4449470, at *8 (S.D. Fla. Sept. 26, 2012) (finding that $90 for an experienced paralegal in an FLSA case was reasonable); *McKenzie v. Lindstrom Air Conditioning, Inc.*, 2010 WL 11505840, at *2 (S.D. Fla. Aug. 6, 2010) (finding a $100 hourly rate to be reasonable for a

paralegal in an FLSA case). Accordingly, Ms. Novick's requested rate of $100 per hour is appropriate.

### (2) *The Reasonable Number of Hours Expended*

The second step of the lodestar analysis requires the Court to determine the reasonable number of hours expended. The award must exclude compensation for hours "that would be unreasonable to bill to a client and therefore to one's adversary *irrespective of the skill, reputation, or experience of counsel.*" *A.C.L.U. of Georgia v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301) (emphasis in original). The fee applicant bears the burden of establishing that the time for which compensation is sought was reasonably expended on the litigation and must provide the Court with specific and detailed evidence that will allow for an accurate determination of the amount of fees to award. *See A.C.L.U. of Georgia*, 168 F.3d at 428. If the fee applicant fails to exercise required billing judgment, the Court is obligated to "[prune] out those [hours] that are excessive, redundant, or otherwise unnecessary." *Id*. at 428. As in the analysis of reasonable hourly rates, the Court is presumed to be an expert in reviewing the number of hours expended on litigation for the purpose of attorney's fees. *Norman*, 836 F.2d at 1303. Accordingly, it is "perfectly proper to award attorney's fees based solely on affidavits in the record." *Id*. at 1303 (citing *Mesa Petroleum Co. v. Coniglio*, 629 F.2d 1022, 1030 (5th Cir. 1980)).

Defendants take issue with the number of hours expended because Plaintiff's attorneys engaged in vexatious practices from the outset of this case. Defendants

11

claim, for example, that Plaintiff's attorneys filed more than fifty-five motions, served hundreds of discovery requests, and deposed a dozen witnesses for a simple FLSA claim. Defendants also accuse Plaintiff's attorneys of inflating their costs with their own mistakes, making false statements, and intentionally lying to the Court. Defendants suspect that Plaintiff's attorneys behaved this way so that they could inflate their costs from the beginning of this case with the hope that Defendants would reimburse Plaintiff at a later date. Defendants further contend that a fee award should be substantially reduced because it does not go hand in hand with Plaintiff's recovery at trial. Defendants claim, in other words, that the lodestar amount is disproportionate to the jury award and that the fees requested must be reduced accordingly. Not only that, Defendants accuse Plaintiff's lawyers of making duplicative time entries and billing an excessive amount for internal conferences. For these reasons, Plaintiff requests that any fee award be significantly reduced or eliminated.

We begin with Defendants' argument that the fees in this case should be rejected because the jury verdict is disproportionate to the fees requested. Defendants' argument is nothing new as it has been presented before and repeatedly rejected. In *P&K Rest. Enter., LLC v. Jackson*, 758 F. App'x 844, 850 (11th Cir. 2019), the Eleventh Circuit confronted the same argument where a jury awarded a plaintiff $6,308 and the district court awarded the attorneys $188,894.20 in fees. The Eleventh Circuit affirmed the district court's fee award because "whatever intuitive appeal [that the] proportionality argument may have is

12

undercut by *City of Riverside v. Rivera*, 477 U.S. 561, (1986), in which the Supreme Court rejected a proportionality argument for attorneys' fees awarded under 42 U.S.C. § 1988." *P&K Rest. Enter., LLC*, 758 F. App'x at 851.

The Eleventh Circuit reasoned that a proportionality argument was even weaker in an FLSA case because the statute renders attorneys' fees mandatory under the statute. *Compare* FLSA, 29 U.S.C. § 216(b) ("The court in such action *shall*, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." (emphasis added)), *with* 42 U.S.C. § 1988(b) ("[T]he court, *in its discretion, may* allow the prevailing party, other than the United States, a reasonable attorney's fee as part of the costs . . . ." (emphasis added)); *see also James v. Wash Depot Holdings, Inc.*, 489 F.Supp.2d 1341, 1347 (S.D. Fla. 2007) ("Fee awards . . . should not simply be proportionate to the results obtained by the Plaintiff."); *Tyler v. Westway Auto. Serv. Ctr., Inc.*, 2005 WL 6148128, at *5 (S.D. Fla. Mar. 10, 2005) (noting that it is not uncommon for fee requests to exceed the judgment in FLSA cases). The Eleventh Circuit's decision directly forecloses Defendants' argument in this case because – without any other specifics as to how the fees are excessive vis-à-vis the jury verdict – "[a] lodestar figure that is based upon a reasonable number of hours spent on a case multiplied by a reasonable hourly rate is itself strongly presumed to be reasonable." *Resolution Trust Corp. v. Hallmark Builders, Inc.*, 996 F.2d 1144, 1150 (11th Cir. 1993).[6]

---

[6] There is no showing, for instance, that an early Rule 68 offer was made that rendered all the work thereafter unreasonable or excessive.

This leads to a related defect in Defendants' response where Defendants claim that Plaintiff's lawyers spent an unreasonable amount of time working on this case. Defendants fail, however, to provide any specific objections to Plaintiff's billing records or any other specifics that justify their opposition to the number of hours expended. Defendants' response falls short, in many respects, because "[g]eneralized statements that the time spent was reasonable or unreasonable of course are not particularly helpful and not entitled to much weight," *Norman v. Hous. Auth. of Montgomery*, 836 F.2d 1292, 1301 (11th Cir. 1988), and far from the requirement that objections be "specific and 'reasonably precise.'" *Am. Civil Liberties Union of Ga. v. Barnes*, 168 F.3d 423, 428 (11th Cir. 1999) (quoting *Norman*, 836 F.2d at 1301).

Plaintiff provided an adequate billing record, including dates, descriptions of work, and the number of hours spent on each task. Given that there are no specific objections to the entries requested, Plaintiff has a viable argument that fees should be awarded for all the hours requested. However, the Court's independent review reveals that some of the time entries are unreasonably high considering the number of hours that Plaintiff's attorneys billed in this case.

"When a district court finds the number of hours claimed is unreasonably high, the court has two choices: it may conduct an hour-by-hour analysis or it may reduce the requested hours with an across-the-board cut." *Bivins v. Wrap It Up, Inc.*, 548 F.3d 1348, 1350 (11th Cir. 2008) (citing *Loranger,* 10 F.3d at 783). A court may not, however, do both. *See Bivins*, 548 F.3d at 1351-1352 (explaining that "by

requiring the district court to conduct either analysis instead of both, we ensure that the district court does not doubly-discount the requested hours"). In deciding between the two options available to the Court, an hour-by-hour approach is sometimes preferable while at other times the "fee documentation can be so voluminous as to render an hour-by-hour review impractical." *Loranger*, 10 F.3d at 783 (holding that where the billing record is voluminous, "the district court need not engage in an hour-by-hour analysis [;r]ather, . . . it may [] reduce [the hours devoted to litigation] in gross if a review of the resubmitted fee request warrants such a reduction") (emphasis added). "In such cases, an across-the-board cut may be appropriate, as long as a court "articulate[s] [its] reasons for selecting specific percentage reductions." *Roy v. Bd. of Cty. Comm'rs, Walton Cty., Fla.*, 2012 WL 8013976, at *4 (N.D. Fla. Nov. 1, 2012), *Report and Recommendation adopted*, 2013 WL 1883247 (N.D. Fla. May 6, 2013) (quoting *Loranger*, 10 F.3d at 783).

Here, we opt to use an across the board cut because the billing records in this case [D.E. 150-5] reflect an excessive amount of time spent for sending emails, meeting with associates and/or the client, reviewing court orders, and checking the docket. We therefore recommend that Plaintiff's fees be reduced by 20% to reflect a more appropriate number of hours billed for this case. Accordingly, the total number of hours requested should be **GRANTED in part** and **DENIED in part** with a reduction of 20% for each timekeeper.

### C. *Final Calculations*

Having reduced the hourly rates of Plaintiff's attorneys and the number of hours expended in this case, Plaintiff should recover $48,570 for Mr. Zidell ($375 times 129.52), $240 for Ms. Jaff ($250 times 0.96), $26,624 for Mr. Marshall ($325 times 81.92), $4,700 for Ms. Staroschak ($250 times 18.8), $2,370 for Ms. Kulhman ($375 times 6.32), and $2,688 for Ms. Novick ($100 times 26.88). This equates to a total fee award of $85,192 in attorneys' fees. When coupled with Plaintiff's cost award of $6,858.20, Plaintiff should be entitled to a total fee and cost award of $92,050.20.

### III. CONCLUSION

For the foregoing reasons, the Court **RECOMMENDS** that Plaintiff's motion for fees and costs be **GRANTED in part** and **DENIED in part**:

A. Plaintiff's motion for costs should be **GRANTED in part** and **DENIED in part** with a total cost award of $6,858.20.

B. Plaintiff's motion for fees should be **GRANTED in part** and **DENIED in part** with a total fee award of $85,192. This fee award reflects a modest reduction in hourly rates and a reduction of 20% in the number of hours expended.

C. Plaintiff should receive a total fee and cost award of $92,050.20.

Pursuant to Local Magistrate Rule 4(b) and Fed. R. Civ. P. 73, the parties have fourteen (14) days from service of this Report and Recommendation within which to file written objections, if any, with the District Judge. Failure to timely

file objections shall bar the parties from *de novo* determination by the District Judge of any factual or legal issue covered in the Report *and* shall bar the parties from challenging on appeal the District Judge's Order based on any unobjected-to factual or legal conclusions included in the Report. 28 U.S.C. § 636(b)(1); 11th Cir. Rule 3-1; *see, e.g., Patton v. Rowell,* 2017 WL 443634 (11th Cir. Feb. 2, 2017); *Cooley v. Commissioner of Social Security,* 2016 WL 7321208 (11th Cir. Dec. 16, 2016).

      **DONE AND SUBMITTED** in Chambers at Miami, Florida, this 10th day of January, 2020.

                                    /s/ *Edwin G. Torres*
                                    EDWIN G. TORRES
                                    United States Magistrate Judge